FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES BOURG and DEBORAH LYNN BRINSON, individually and as a marital community,<br><br>    Plaintiffs,<br><br>    v.<br><br>ORACLE HEALTH GOVERNMENT SERVICES, f/k/a CERNER GOVERNMENT SERVICES, INC.; and CERNER CORPORATION,<br><br>    Defendants. | No. 2:23-CV-00348-SAB<br><br>**ORDER GRANTING MOTION TO ALTER JUDGMENT; GRANTING MOTION TO AMEND/CORRECT** |

Before the Court are Plaintiffs' Motion to Alter or Amend the Judgment Dismissing Their Complaint Against Defendant United States of America, ECF No. 47, and Motion for Leave to File Second Amended Complaint, ECF No. 48. Plaintiffs are represented by George Ahrend, J. Andrew Hoyal, Mark Kamitomo, and Robert Gellatly. Defendants Cerner and Oracle Health are represented by Dean Baxtresser, Mary Alexander, Robin Hulshizer, and Vanessa Soriano Power. The United States is represented by Derek Taylor, John Drake, and Martin St. Aubin. The motions were considered without oral argument.

After reviewing the briefs, caselaw, and record, the Court finds good cause to **grant** Plaintiffs' motions.

//

//

//

**ORDER GRANTING MOTION TO ALTER JUDGMENT; GRANTING MOTION TO AMEND/CORRECT - 1**

## MOTIONS STANDARDS

Fed. R. Civ. P. 59(e) provides that a party may file to alter or amend a judgment "no later than 28 days after the entry of judgment." "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A court can determine it made a clear error when after reviewing the entire record it is "left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading "once as a matter of course," and may do so in all other cases "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Amendments to pleadings are "applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Courts consider five factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) previous amendments, and (5) futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "[T]he court must grant all inferences in favor of allowing amendment." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## PLAINTIFFS' MOTIONS TO ALTER JUDGMENT AND AMEND

This case was filed on December 1, 2023, in the Eastern District of Washington. Against the United States pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiffs brought state-law claims of medical negligence, negligence, and vicarious liability. Against Defendant Cerner, Plaintiffs bring claims for product liability – design defect, product liability – manufacturing defect, product

**ORDER GRANTING MOTION TO ALTER JUDGMENT; GRANTING MOTION TO AMEND/CORRECT - 2**

1  liability – failure to warn, and negligence. The claims are based on negligent
2  actions leading to Plaintiff Mr. Bourg's delayed diagnosis of terminal cancer in
3  January 2022.
4      On May 15, 2024, the Court granted the United States summary judgment,
5  did not give Plaintiffs leave to amend their claim, and terminated the government
6  from the case. ECF No. 44. Plaintiffs now move the Court to alter its judgment to
7  allow for leave to amend their complaint against the United States.
8      Pursuant to Fed. R. Civ. P. 59(e), the Court **grants** Plaintiffs' motion to alter
9  judgment and amends its Order, ECF No. 44, to allow Plaintiffs leave to amend
10 their complaint against the United States. Failure to include leave to amend was
11 "clear error" on the part of the Court. *ACandS*, 5 F.3d at 1263.
12     Pursuant to Fed. R. Civ. P. 15(a), the Court **grants** Plaintiffs' motion to
13 amend their complaint a second time. After considering the briefing, Court did not
14 find any of the *Forman* factors prevented amendment. 371 U.S. at 182.
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER GRANTING MOTION TO ALTER JUDGMENT; GRANTING MOTION TO AMEND/CORRECT - 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Alter or Amend the Judgment Dismissing Their Complaint Against Defendant United States of America, ECF No. 47, is **GRANTED**. The Order, ECF No. 44, and judgment is amended as follows:

    a. Defendant United States of America's Motion to Dismiss, ECF No. 35, is **GRANTED**. Plaintiffs' Complaint against the United States is **DISMISSED** *with leave to amend*.

2. Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 48, is **GRANTED**. Plaintiffs shall file the proposed complaint on or before **July 31, 2024**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, including counsel for the United States.

**DATED** this 19th day of July 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO ALTER JUDGMENT; GRANTING MOTION TO AMEND/CORRECT - 4**