FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES BOURG and DEBORAH LYNN BRINSON, individually and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; ORACLE HEALTH GOVERNMENT SERVICES, f/k/a CERNER GOVERNMENT SERVICES, INC.; and CERNER CORPORATION,<br><br>Defendants. | No. 2:23-CV-00348-SAB<br><br>**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Before the Court is the United States of America's Motion to Dismiss Second Amended Complaint, ECF No. 60. Plaintiffs are represented by George Ahrend, J. Andrew Hoyal, Mark Kamitomo, and Robert Gellatly. Defendant United States is represented by Derek Taylor, John Drake, and Martin St. Aubin. Defendant Cerner is represented by Dean Baxtresser, Dylan Glenn, Mary Alexander, Robin Hulshizer, and Vanessa Soriano Power. Defendant Oracle Health Government Services is represented by Dylan Glenn and Vanessa Soriano Power. The motion was considered without oral argument.

Having reviewed the briefs, caselaw, and relevant statutes, the Court **denies** the United States' motion to dismiss.

//

**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT \* 1**

## BACKGROUND

This case was filed on December 1, 2023, in the Eastern District of Washington. On May 15, 2024, the Court granted Defendant the United States' Motion to Dismiss for Lack of Jurisdiction. On July 19, 2024, the Court granted Plaintiffs' Motion to Alter Judgment and Amend/Correct their Complaint to allow Plaintiffs to reassert claims against the United States.

Plaintiffs filed their Second Amended Complaint on July 29, 2024. Against Defendant the United States and through the Federal Tort Claims Act ("FTCA"), Plaintiffs bring state-law claims of Medical Negligence, Negligence, and Vicarious Liability. Against Cerner Corporations, Plaintiffs bring claims for Products Liability – Design Defect, Product Liability – Manufacturing Defect, Product Liability – Failure to Warn, and Negligence.

Mr. Bourg is a veteran who received care at the Mann-Grandstaff VA Medical Center in Spokane. In December 2020, Mr. Bourg underwent a routine prostate exam, which revealed elevated prostate-specific antigen (PSA) levels in his blood and indicated possible cancer. On December 7, 2020, Mr. Bourg's primary care provider Physician Assistant Leann Bach, sent a secure message through a new electronic health record system (EHR) requesting a consult from urology provider Physician Assistant Robert Bond. Both Bond and Bach were employees at Mann-Grandstaff. On December 8, 2020, Bond placed a "return to clinic" order to schedule a follow-up appointment for Mr. Bourg. The EHR system failed to send the order to the proper portal, and no follow-up was scheduled.

In April 2021, Mr. Bourg again visited Bach, who sent another message to urology. Bach again sent a "return to clinic" order. This order went to the correct portal but altered the appointment to schedule it four months later than ordered. In August 2021, Mr. Bourg inquired about his appointment, which eventually occurred in September 2021. He had a subsequent biopsy in October 2021 and was diagnosed with cancer. After a January 2022 surgery, doctors discovered the

**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT \* 2**

cancer had metastasized. Mr. Bourg was diagnosed with terminal cancer.

The Department of Veterans Affairs ("VA") contracted with Defendant Cerner Corporation for the EHR system in 2018. It went live at Mann-Grandstaff on October 24, 2020. The EHR system was designed, manufactured, and implemented by Cerner.

On or about December 7, 2022, and with the assistance of legal counsel, Plaintiffs filed a Standard Form 95 Claim with the VA Office of General Counsel, Torts Law Group in Washington, D.C.; the United States Attorney for the Eastern District of Washington in Spokane; and the Mann-Grandstaff VA Medical Center in Spokane. The Basis of the Claim stated:

> Brief Factual Overview:
>
> Claimant had a routine prostate screening sometime in December of 2020. Based on this screening, a urology provider attempted to place a request for a follow-up appointment with Claimant through the Veteran Administration's new Electronic Health Record's (HER) system. This system did not process that request.
>
> In approximately April of 2021, Claimant's primary care provider became aware that Claimant had not seen a urologist and attempted to send another message through the EHR system. An appointment appears to have been made at this time, however the system appears to have modified the appointment from May 5, 2021 to September 21, 2021. Subsequent to this appointment, Claimant underwent a biopsy in October of 2021. Subsequent to this biopsy, Claimant was diagnosed with cancer and underwent surgical removal of his prostate in January of 2022. Claimant's cancer metastasized and is terminal.
>
> Legal Basis:
>
> The VA's HER system and/or the system used for referral's and appointment scheduling caused a delay in Claimant's treatment. This delay in treatment was a proximate cause of the growth and metastatic spread of Claimant's cancer.

**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT \* 3**

The VA failed to make a final determination within six months of service, and pursuant to 28 U.S.C. § 2675(a), the Plaintiffs filed this matter.

## MOTION STANDARD

Fed. R. Civ. P. 12(b)(1) allows for dismissal of an action for "lack of subject-matter jurisdiction," and a federal court must establish subject-matter jurisdiction to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 92 (2017). Plaintiff bears the burden of proving the existence of such jurisdiction when considering a Rule 12(b)(1) motion. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). The presumption in federal court is no jurisdiction unless otherwise proven. *See Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981). At any point if the court finds it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

A subject-matter jurisdiction challenge is either facial—the allegations are insufficient on their face—or factual—the facts of the allegations that give rise to jurisdiction are disputed. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge requires the court to assess whether the allegations in the complaint are legally sufficient to invoke the court's jurisdiction. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).

### USA'S MOTION TO DISMISS FOR LACK OF JURISDICTION

**a.    Legal Standard**

The federal government enjoys immunity from suit, except in cases like the FTCA where it has waived sovereign immunity under a *respondeat superior* theory. *See Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996). To bring a claim in federal court seeking damages under the FTCA, a plaintiff must first satisfy the presentment requirement pursuant to 28 U.S.C. § 2675(a):

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of

**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT * 4**

any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(emphasis added).

If a claim is not properly presented to the appropriate agency first, the district court must dismiss it for lack of subject matter jurisdiction. *See Goodman v. United States*, 298 F.3d 1048, 1054–55 (9th Cir. 2002). The filing need not be extensive and requires "minimal notice" that "(1) give[s] an agency sufficient written notice to commence investigation and (2) place[s] a value on the claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 779 (9th Cir. 1984) (en banc).

"A plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court." *Goodman*, 298 F.3d at 1055. Further, a claimant need not state the legal theory for recovery. *See Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980).

**b.    Analysis**

In the Court's previous Order granting the United States' motion to dismiss, the Court found for the United States because Plaintiffs failed in their Complaint to identify specific employees who caused harm, as required by the FTCA and as stated in 28 U.S.C. § 1346(b)(1). *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).

Plaintiffs filed a Second Amended Complaint, and the United States again challenges this Court's jurisdiction under the FTCA, this time for failure to properly present the FTCA claim for medical negligence as required by § 2675(a).

**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT * 5**

In their Standard Form 95 filed with the VA, Plaintiffs alleged the "delay in treatment" proximately caused Mr. Bourg's cancerous growth. Plaintiffs have sufficiently met the Rule 12(b)(1) standard because their statement provides the United States "sufficient written notice to commence investigation" into the medical providers and to satisfy § 2675(a) presentment for their claims. *Warren*, 724 F.3d at 779.

As such, the Court denies the United States' motion to dismiss. The allegations, on their face, are legally sufficient to invoke the Court's jurisdiction. *See Salter*, 974 F.3d at 964.

Accordingly, **IT IS HEREBY ORDERED:**

1. The United States of America's Motion to Dismiss Second Amended Complaint, ECF No. 60, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 13th day of November 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT \* 6**